# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

JOHNNIE CEFUS JONES,

    Plaintiff,

v.                                                            Case No. 3:18-cv-2092-RV/MJF

PATRICK SHANE MOONEY,

    Defendant.
                                                          /

## **REPORT AND RECOMMENDATION**

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order. The undersigned recommends that this action be dismissed without prejudice for failure to comply with a court order and failure to prosecute.[1]

## I. BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). At the time Plaintiff filed his complaint, Plaintiff was an inmate in custody of the Bay County Jail. (*Id.*). On or about May 18, 2020, Plaintiff was released from custody.

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

On June 22, 2020, Defendant filed a motion for summary judgment with evidentiary materials. (Doc. 35). On July 10, 2020, the undersigned provided Plaintiff an opportunity to respond to Defendant's motion for summary judgment and advised Plaintiff of the procedural rules and legal standard governing summary judgment motions. (Doc. 39). The undersigned imposed a deadline of August 10, 2020, to respond to Defendant's motion for summary judgment. (*Id.* at 4). Plaintiff did not file a response to Defendant's motion for summary judgment.

On August 11, 2020, Plaintiff wrote a letter to the undersigned. (Doc. 40). Because the letter violated the local rules for the Northern District of Florida, the undersigned issued a deficiency order and returned the letter to Plaintiff. (*Id.*).

On October 30, 2020, in light of Plaintiff's failure to respond to Defendant's motion for summary judgment, the undersigned ordered Plaintiff to indicate whether he still desired to litigate this civil action. (Doc. 41). The undersigned imposed a deadline of November 13, 2020, to comply. The undersigned warned Plaintiff that failure to comply would cause this court to presume that Plaintiff no longer desired to prosecute this case and likely would result in dismissal.

As of the date of this report and recommendation, Plaintiff has not responded to this court's order and has not responded to Defendant's motion for summary judgment.

## II. DISCUSSION

The undersigned recommends that the District Court dismiss this civil action in light of Plaintiff's failure to comply with a court order and his failure to prosecute.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On July 10, 2020, the undersigned provided Plaintiff until August 10, 2020, to respond to Defendant's motion for summary judgment. Plaintiff did not file a response. Accordingly, on October 30, 2020, the undersigned ordered Plaintiff to file a notice with this court declaring his continued interest in this case on or before November 13, 2020. Thus, Plaintiff has failed to comply with the undersigned's order since November 13, 2020.

**(2) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Plaintiff that failure to comply with the undersigned's order likely would result in dismissal. (Doc. 41). Despite this warning, Plaintiff has not complied with the undersigned's order.

**(3) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because the undersigned is recommending dismissal without prejudice, Plaintiff could refile his claim should he choose to pursue it in the future. Thus, dismissal without prejudice likely would not result in substantial prejudice to him.

**(4) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that

court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining pending and inactive.

**(5)  The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(6)  The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely that Plaintiff would ignore future orders directing Plaintiff to comply. Additionally, because Plaintiff is proceeding *pro se* and *in forma pauperis*, it is unlikely that imposition of a fine would motivate Plaintiff to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to comply with a court order and failure to prosecute.

2. The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 1st day of December, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**